# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION


ORA LEE CARTER,

      Plaintiff

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,

      Defendants.

Case No.
Hon.
Mag. Judge

---

Dionne E. Webster-Cox (P70422)
WEBSTER LAW OFFICE PLLC
24100 SOUTHFIELD ROAD, STE. 100
SOUTHFIELD, MI   48075
734-215-2444/ 734-943-6069 FAX
DEWC@WEBSTERLAWOFFICEPLLC.COM

---

## COMPLAINT AND JURY DEMAND

NOW COMES,Plaintiff Ora Lee Carter, by counsel, for her Complaint against

Defendant Michigan Department of Corrections, alleges as follows:


## I. JURISDICTION AND VENUE

1.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e et seq.

2.      This Court has subject-matter jurisdiction over this action under 28 U.S.C.

§§ 1331 and 1343 because Plaintiff alleges violations of federal law.

1

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including at the Thumb Correctional Facility in Lapeer, Michigan. Plaintiff files this action in the Southern Division.

**II. PARTIES**

4.     Plaintiff Ora Lee Carter is an African American female and a resident of the State of Michigan.

5.     Plaintiff began working for the Michigan Department of Corrections on April 6, 1997.

6.     Plaintiff currently holds the position of Assistant Deputy Warden. Over the course of her career, she has advanced through multiple leadership roles, including Captain and Acting Inspector, and has acquired extensive supervisory and operational experience at the Thumb Correctional Facility.

7.     By virtue of her long service at the Thumb Correctional Facility, Plaintiff is familiar with that facility's operations, the HYTA and Youth population housed there, and the programs associated with those populations.

8.     In her leadership roles, Plaintiff performed upper-level management responsibilities, including reviewing reports, making rounds, monitoring institutional operations, and addressing operational issues as they arose.

9.    Defendant Michigan Department of Corrections ("MDOC") is a department of the State of Michigan and was Plaintiff's employer at all relevant times. MDOC is an employer within the meaning of Title VII.

## III. ADMINISTRATIVE EXHAUSTION

10.    Plaintiff timely filed Charge No. 471-2025-07524 with the Equal Employment Opportunity Commission and the Michigan Department of Civil Rights, alleging discrimination arising from Defendant's failure to promote her and related adverse treatment.

11.    On February 23, 2026, the EEOC issued a Dismissal and Notice of Rights with respect to Charge No. 471-2025-07524. (Exhibit 1 – Right to Sue)

12.    This action is filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue and is therefore timely.

## IV. FACTUAL ALLEGATIONS

13.    Plaintiff was qualified for the Deputy Warden position based on her decades of service, leadership experience, seniority, performance history, and familiarity with the Thumb Correctional Facility, including its HYTA and Youth population and related programming.

14.    Plaintiff has consistently demonstrated professionalism, sound judgment, adherence to departmental policy, and leadership in institutional programming and staff support.

15. Plaintiff was held to a higher level of scrutiny than similarly situated employees, despite possessing the requisite qualifications, experience, and seniority for advancement.

16. On or about March 10, 2025, Plaintiff interviewed for the Deputy Warden position with the Deputy Director.

17. After Plaintiff interviewed for the Deputy Warden position, Defendant removed or suspended the posting and, on or about March 27, 2025, informed Plaintiff that the position would not be filled.

18. On or about March 30, 2025, a white male was placed into the Acting Deputy Warden role.

19. On or about April 24, 2025, Plaintiff emailed the Warden to provide examples of the documents that she received from the subordinates; documents that after careful review needed to be returned due to errors. (Exhibit 2 – April 24, 2025 Email)

20. On or about May 27, 2025, Plaintiff emailed the Warden again to provide examples of the documents that she received from the subordinates; documents that after careful review needed to be returned due to errors. Plaintiff explains how this affects her performance. (Exhibit 3 – May 27, 2025 Email)

21. On or about July 8, 2025, Plaintiff had a second interview for the Deputy Warden position with the Assistant Deputy Director.

22.   On or about August 15, 2025, Plaintiff followed up with the Warden regarding the status of the Deputy Warden position and was advised that the position remained actively open.

23.   Despite Plaintiff's qualifications and experience, Defendant did not promote Plaintiff to Deputy Warden.

24.   On information and belief, Defendant thereafter selected, favored, or retained a Caucasian male for the Deputy Warden position or its duties, even though he did not possess Plaintiff's qualifications, seniority, or facility-specific knowledge.

25.   After Plaintiff pursued the Deputy Warden position, Defendant subjected Plaintiff to heightened scrutiny, allegations of policy violations, and disciplinary write-ups that were disproportionate and selectively applied.

26.   Complaints and write-ups against Plaintiff were substantiated, while similarly situated Caucasian and male employees were not subjected to comparable scrutiny, discipline, or barriers to advancement.

27.   On December 17, 2025, Plaintiff received a written reprimand from the Warden.

28.   The disciplinary actions taken against Plaintiff rendered her unable to apply for promotional opportunities for approximately two years, thereby materially harming her career progression.

29.     Defendant's actions caused Plaintiff to lose promotional opportunities, income, benefits, career advancement, and professional standing, and caused her emotional distress and humiliation.

30.     The sequence of events—Plaintiff's interviews, the removal or suspension of the posting, the placement of a white male into the Acting Deputy Warden role, Defendant's continued refusal to promote Plaintiff, and the subsequent discipline imposed on Plaintiff—supports a reasonable inference of unlawful discrimination.

31.     Similarly situated Caucasian employees and similarly situated male employees were treated more favorably than Plaintiff with respect to promotion opportunities, scrutiny, discipline, and leadership support.

32.     Defendant's stated reasons, if any, for failing to promote Plaintiff and disciplining her were not the true reasons for its actions, but were a pretext for unlawful discrimination.

## COUNT I – RACE DISCRIMINATION (TITLE VII)

33.     Plaintiff incorporates by reference the allegations set forth above as if fully restated herein.

34.     Plaintiff is a member of a protected class because she is African American.

35.     Plaintiff was qualified for the Deputy Warden position and for continued promotional opportunities within MDOC.

36.    Defendant subjected Plaintiff to adverse employment actions, including but not limited to failing to promote her to Deputy Warden, placing a white male in the Acting Deputy Warden role from another facility, subjecting Plaintiff to heightened scrutiny and discipline, and rendering Plaintiff ineligible for future promotional opportunities for approximately two years.

37.    The circumstances surrounding Defendant's actions, including the promotion or favoritism shown to a Caucasian male with lesser qualifications and the disparate treatment imposed on Plaintiff, give rise to a reasonable inference of race discrimination.

38.    Defendant's conduct constituted unlawful discrimination against Plaintiff because of her race, in violation of Title VII, 42 U.S.C. § 2000e-2.

## COUNT II – SEX DISCRIMINATION (TITLE VII)

39.    Plaintiff incorporates by reference the allegations set forth above as if fully restated herein.

40.    Plaintiff is a member of a protected class because she is female.

41.    Plaintiff was qualified for the Deputy Warden position and for continued promotional opportunities within MDOC.

42.    Defendant subjected Plaintiff to adverse employment actions, including but not limited to failing to promote her to Deputy Warden, favoring a Caucasian male employee for t the permanent position, subjecting Plaintiff to heightened scrutiny

and discipline, and rendering Plaintiff ineligible for future promotional opportunities for approximately two years.

43. The circumstances surrounding Defendant's actions, including the more favorable treatment afforded to a Caucasian male employee with lesser qualifications and the disparate treatment imposed on Plaintiff, give rise to a reasonable inference of sex discrimination.

44. Defendant's conduct constituted unlawful discrimination against Plaintiff because of her sex, in violation of Title VII, 42 U.S.C. § 2000e-2.

## V. PRAYER FOR RELIEF

43.     Wherefore, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

• A declaration that Defendant violated Title VII;

• Injunctive and equitable relief, including expungement of unjust discipline and other negative employment records arising from the conduct alleged herein;

• Instatement, promotion, or front pay and other equitable relief sufficient to make Plaintiff whole, including placement into the Deputy Warden position or the next comparable available position;

• Back pay, lost benefits, and all other economic damages, together with prejudgment and post-judgment interest;

• Compensatory damages as allowed by law;

• Reasonable attorney fees and costs under 42 U.S.C. § 2000e-5(k);

• Such other and further relief as the Court deems just and proper.

Respectfully submitted,

WEBSTER LAW OFFICE, PLLC

Dated:   March 25, 2026

/s/ *Dionne E. Webster-Cox*
Dionne E. Webster-Cox (P70422)
24100 Southfield Road, Suite 100
Southfield, Michigan 48075
734-214-2444
dewc@websterlawofficepllc.com

Attorney for Plaintiff


I, certify that the foregoing are true and correct to the best of my knowledge, abilities and understanding.

Ora Lee Carter (Apr 1, 2026 18:03:49 EDT)

Ora Lee Carter


Apr 1, 2026

10

# Exhibit 1 - Right To Sue Letter

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/23/2026

**To:** Ms. Ora L. Carter
621 W Holbrook Ave
FLINT, MI 48505
Charge No: 471-2025-07524

EEOC Representative and email:   JASON PURNELL
INVESTIGATIVE SUPPORT ASSISTANT
JASON.PURNELL@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2025-07524.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
02/23/2026

Ramiro Gutierrez
Director

**Cc:**
Michigan Department of Corrections
3225 John Conley Drive
LAPEER, MI 48446
Attn:  Doug Line, Human Resource Manager

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 471-2025-07524 to the District Director at Richard Burgamy, 115 W. Washington St. South Tower Suite 600, Indianapolis, IN 46204.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 471-2025-07524 to the District Director at Richard Burgamy, 115 W. Washington St. South Tower Suite 600, Indianapolis, IN 46204.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Exhibit 2 - April 24, 2025 Email

Explaining Errors from Subordinates

 **Outlook**

---

## Fw: Scan To Me

---

**From** Carter, Ora L. (MDOC) <CarterO1@michigan.gov>

**Date** Sun 3/22/2026 3:33 PM

**To** DIONNE WEBSTER-COX <DEWC@websterlawofficepllc.com>

🔗 1 attachment (229 KB)

20250424095728.pdf;

Ora L. Carter, Assistant Deputy Warden
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446
810-667-2045 x 2440203
810-358-6546 Work Cell

---

**From:** Carter, Ora L. (MDOC)
**Sent:** Thursday, April 24, 2025 10:10:01 AM
**To:** Artis, Fredeane (MDOC) <ArtisF@michigan.gov>; Lavigne, Jason E. (MDOC) <LavigneJ@michigan.gov>
**Subject:** FW: Scan To Me

Informational - Attached is an example of what I am having to return to Shift Commanders. It is not only Daily Recs, but also Grievances, SMEs. This also means I am checking/reviewing items at least twice which becomes time consuming, but I know it must be done. I am also explaining to shift why these items need to be changed.

Ora L. Carter
Thumb Correctional Facility
Assistant Deputy Warden
3225 John Conley Dr.
Lapeer, MI 48448
Office: 810-667-2045  Ext. 2440203
Cell: 810-358-6546

-----Original Message-----
From: CarterO1@michigan.gov <CarterO1@michigan.gov>
Sent: Thursday, April 24, 2025 9:57 AM
To: Carter, Ora L. (MDOC) <CarterO1@michigan.gov>
Subject: Scan To Me

Exhibit 3 - May 27, 2025 Email

Explaining Further Work

 **Outlook**

## Fw: Copies of Returned Paperwork

**From** Carter, Ora L. (MDOC) <CarterO1@michigan.gov>

**Date** Sun 3/22/2026 3:41 PM

**To** DIONNE WEBSTER-COX <DEWC@websterlawofficepllc.com>

📎 1 attachment (4 MB)
20250527084426.pdf;

Ora L. Carter, Assistant Deputy Warden
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446
810-667-2045 x 2440203
810-358-6546 Work Cell

**From:** Carter, Ora L. (MDOC)
**Sent:** Tuesday, May 27, 2025 3:31:14 PM
**To:** Artis, Fredeane (MDOC) <ArtisF@michigan.gov>; Lavigne, Jason E. (MDOC) <LavigneJ@michigan.gov>
**Subject:** Copies of Returned Paperwork

Attached are copies of the paperwork I have had to return to the shifts.  Although my position changed on March 24, 2025, these copies are from 5/9/2025 and forward.

These errors were covered in the Custody Monthly Meeting in April of 2025.  A lot of these same errors were covered in the Custody Meeting in May, it should be noted there were only three shift commanders present and two to those were from third shift.

These errors were also covered in my Quarterly Sergeants meeting last week.

I felt it necessary to forward these copies so you would understand my time management better.  Each time I send something back I must look it over a second time when it is returned, therefore almost doubling my workload.  Once again keep in mind I started making copies May 9, 2025.  This has been going on since March 24, 2025, when ADW Richardson and I switched positions.

Ora L. Carter
Thumb Correctional Facility
Assistant Deputy Warden
3225 John Conley Dr.
Lapeer, MI 48448

Office: 810-667-2045  Ext. 2440203
Cell: 810-358-6546

-----Original Message-----
From: CarterO1@michigan.gov <CarterO1@michigan.gov>
Sent: Tuesday, May 27, 2025 8:44 AM
To: Carter, Ora L. (MDOC) <CarterO1@michigan.gov>
Subject: Scan To Me

# Complaint

Final Audit Report                                            2026-04-01

| | |
|---|---|
| Created: | 2026-03-25 |
| By: | Dionne Webster-Cox (dewc@websterlawofficepllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA9_11FlB5t1BBFgQzzRW3K-T7HT-K9z56 |

## "Complaint" History

📄 Document created by Dionne Webster-Cox (dewc@websterlawofficepllc.com)
2026-03-25 - 2:42:14 PM GMT

📧 Document emailed to Ora Lee Carter (carterol@att.net) for signature
2026-03-25 - 2:42:21 PM GMT

📄 Email viewed by Ora Lee Carter (carterol@att.net)
2026-04-01 - 7:58:48 PM GMT

📧 New document URL requested by Ora Lee Carter (carterol@att.net)
2026-04-01 - 8:00:04 PM GMT

📧 New document URL requested by Ora Lee Carter (carterol@att.net)
2026-04-01 - 9:59:10 PM GMT

✒️ Document e-signed by Ora Lee Carter (carterol@att.net)
Signature Date: 2026-04-01 - 10:03:49 PM GMT - Time Source: server

✔ Agreement completed.
2026-04-01 - 10:03:49 PM GMT

**Adobe Acrobat Sign**